10-2785-ag
Barre v. Holder
BIA
Montante, IJ
A099 656 575/576

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

SEINAB ABDI BARRE, ABDIWALI SHEIKH ABDULLAHI,

> *Petitioners,*

> v.                                              10-2785-ag
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:          Carlos E. Estrada, Boston, Massachusetts.

FOR RESPONDENT:                Tony West, Assistant Attorney General;
                               Allen W. Hausman, Senior Litigation
                               Counsel; Kevin J. Conway, Attorney,
                               Office of Immigration Litigation, United
                               States Department of Justice,
                               Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Seinab Abdi Barre and Abdiwali Sheikh Abdullahi, natives and citizens of Somalia, seek review of a June 15, 2010, decision of the BIA affirming the July 1, 2008, decision of Immigration Judge ("IJ") Philip J. Montante, Jr., which denied Seinab Abdi Barre's application for asylum and withholding of removal, on which Abdiwali Sheikh Abdullahi was named as a derivative beneficiary. *In re Seinab Abdi Barre*, *Abdiwali Sheikh Abdullahi,* Nos. A099 656 575/576 (B.I.A. June 15, 2010), *aff'g* Nos. A099 656 575/576 (Immig. Ct. Buffalo, NY July 1, 2008).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications governed by the amendments made to the Immigration and Nationality Act ("INA") by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  Under the substantial evidence standard, we treat adverse credibility determinations as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary" and will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *see also Shi Jie Ge v. Holder*, 588 F.3d 90, 93-94 (2d Cir. 2009).  In this case, the IJ reasonably based his adverse credibility determination on the omissions and discrepancies in Barre's asylum application and her testimony.

A comparison of Barre's asylum application and her testimony shows discrepancies as to when her brothers and husband were killed; an omission in her testimony that the Somalian government had briefly detained her brother; and an omission that he had been beaten by officers demanding moneys to the point that he

3

needed medical attention upon release. In finding Barre not credible, the IJ pointed to these omissions and inconsistencies, finding that the "testimony was conflicting and inconsistent or contained a material omission on one or more occasions." The BIA, in turn, noted that the IJ "made an adverse credibility finding based upon material and significant inconsistencies between [Barre's] testimony and her asylum application. . . . regarding when her husband and brothers died, and that she failed to testify about certain details which were included in her asylum application" and affirmed the IJ's adverse credibility determination on those bases. The agency's findings regarding inconsistencies and omissions in the record are supported by substantial evidence, and those inconsistencies and omissions were proper grounds for its adverse credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

While the agency decisions in this case are not without flaw -- we note, in particular, that the IJ neglected to put Barre on notice as to the discrepancies upon which he relied in finding her not credible -- remand here would be futile because it is clear "that the same decision would have been reached in the absence of the errors." *See Cao He Lin v. U.S Dep't of Justice*, 428 F.3d 391, 402 (2d Cir. 2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006) ("[A]n error does not require a remand if the remand would be pointless

4

because it is clear that the agency would adhere to its prior decision in the absence of error."). Ultimately, substantial evidence supports the agency's adverse credibility determination, and, accordingly, we will defer to its finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the adverse credibility determination is dispositive of Barre's claim, we do not reach the agency's finding regarding future persecution on account of membership in a particular social group.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk